State of Connecticut *v.* Alan C. Potter

Circuit Court                                   Fifth Circuit
                                            File No. MV 5-14138

Memorandum filed June 23, 1964

*George J. Yudkin,* assistant prosecuting attorney, for the state.

*Joseph B. Buckley,* of Ansonia, for the defendant.

Kosicki, J.    Before arraignment, the defendant moved for acquittal on the ground of illegal arrest. The motion alleges that an officer of the Orange police department arrested him on May 7, 1964, in the town of Milford for motor vehicle violations committed in the town of Orange; that he was arrested without a warrant and not while in the act of committing the alleged misdemeanors but sometime subsequent thereto, in violation of § 6-49 of the General Statutes; that as a consequence of the arrest his constitutional rights under article first, § 10, of the Connecticut constitution had been violated; and that, consequently, he is entitled to a finding of not guilty and termination of the state's right to prosecute him for the alleged violations.

The evidence introduced by the defendant and the reasonable inferences to be drawn therefrom show that an officer of the Orange police department observed the defendant's vehicle at 7:55 a.m. on

May 7, apparently operating in violation of law; that the officer pursued the vehicle over a number of streets into Milford and lost sight of it at about 8:15 a.m.; that he went to his own headquarters for assistance and called the Milford police; that as a result of information received and the registration number of the car he had observed, he went to the defendant's place of employment, accompanied by a Milford police officer; and that he arrived there about twenty minutes after losing sight of the defendant's car, spoke to the defendant for a few minutes, and took him to the Orange police station, where, after questioning, he was placed under arrest. The defendant accompanied the police officer to Orange voluntarily. It is concluded from the above facts that the police officer of the Orange police department acted within the authority conferred on him under § 6-49. The mere fact that his pursuit was interrupted because the defendant temporarily succeeded in eluding him did not make the arrest unlawful.

The defendant offers no citation of authority on the proposition that he would be entitled to a finding of not guilty if the arrest had been unlawful. The rule of law is otherwise. Where there has been an illegal arrest, the arresting officer may expose himself to civil liability. That does not dispose of the crime, with which he may lawfully be charged. Rearrest, if necessary, and prosecution may be lawfully pursued even though the original arrest may have been unlawful.

"[W]here a defendant is physically before the court upon a complaint or indictment, either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of his original arrest is immaterial even though seasonably raised." *Commonwealth* v. *Gor-*

*man,* 288 Mass. 294, 300; see note, "Unlawfulness of arrest as affecting jurisdiction or power of court to proceed in criminal case," 96 A.L.R. 982; note, "Right to try one brought within jurisdiction illegally or as a result of a mistake as to identity," 165 A.L.R. 947, 948.

The motion is denied.