## STATE OF CONNECTICUT *v.* FRED JARVIS

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-63404

Argued June 10, 1968—decided September 12, 1969

*John P. Maiocco, Jr.,* of Bridgeport, for the appellant (defendant).

*Richard L. Winter,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The factual situation is not in dispute. The court, on adequate evidence, found the following facts. On March 11, 1967, shortly after midnight, the defendant was operating a motor vehicle north in Trumbull on Main Street, a public highway running from Bridgeport into Trumbull. The defendant's automobile was observed, by two witnesses, striking a car parked on the right-hand side of the highway. Parts from the defendant's car fell to the ground at the scene. The defendant ad-

mitted operating his motor vehicle at the time and place in question. He remembered seeing lights behind him, lights in front of him, moving to the right, "felt like over the side of the road," and dipping a little. The two witnesses reported their observations and the registration number of the car operated by the defendant to the Trumbull police. The police obtained a listing from the motor vehicle department. A Trumbull police officer went to the defendant's address in Bridgeport and parked in the vicinity after requesting the assistance of a Bridgeport police officer. A Bridgeport officer and the defendant arrived at the defendant's home at approximately the same time. The Bridgeport police officer parked in front of the defendant's car and the Trumbull police officer in back of it. The defendant got out of his car and was arrested by the Trumbull officer. He was then taken to Trumbull and issued a summons for violating General Statutes § 14-224. A piece of chrome found at the scene of the impact matched the area of the defendant's car where chrome was missing. The defendant's testimony concerning the time element involved, to wit, from shortly after midnight until approximately 3:15 a.m. when he was apprehended, was incredible.

Upon these facts, the court found the defendant guilty beyond a reasonable doubt. Although this conclusion is assigned as error, we are of the opinion that on all the evidence it is sufficiently sustained and we cannot disturb it.

The remaining assignments of error are the denial by the court of defendant's motion to dismiss, made prior to the introduction of evidence, and the denial of the same motion after the prosecution had rested. Upon the mere statement of these claims, without more, it is evident that no error can be claimed in the court's rulings. Appeal cannot be predicated on a ruling denying a motion to dismiss.

Turning to the first motion, as it appears in the record, we note that it is grounded on (1) the defendant's arrest in Bridgeport and (2) the claim that the arrest was invalid as being in violation of General Statutes § 6-49. A motion to quash, containing identical averments, was withdrawn in open court. No further motion to dismiss is found in the record. From a portion of the transcript submitted on appeal, it appears that this motion, after the state closed, was made orally and denied. In addition to the ground originally stated, the defendant moved for a dismissal because the state had failed to make out a prima facie case. It is elementary that no appeal lies from the adverse ruling on the latter claim.

The only question argued before us concerns the legality of the arrest. The same question was raised in this court at nisi prius in *State* v. *Potter,* 3 Conn. Cir. Ct. 41. There an officer from the town of Orange pursued the defendant from Orange, where the motor vehicle violations were committed, to Milford, where the arrest was made. There was an intervening delay because the officer had lost sight of the defendant's car and had to get information from the motor vehicle department to locate the owner through the car's registration number. A motion for acquittal on the ground of illegal arrest was denied.

The defendant makes the assumption that the arrest was illegal because it was made in a town adjacent to that where the offense was committed. That is not the law. The statute being enforced is a state law and is not limited by town boundaries. Both towns in this case were in the same circuit, so no question of venue is involved. Under General Statutes § 6-49, it is provided that "[m]embers of an organized local police department, when in im-

mediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue such offender outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed. Any person so arrested shall be presented with reasonable promptness before proper authority." The court has found that the arrest was made in conformity with these statutory provisions. It could reasonably infer from the facts that the necessary delay of two hours in the arrest was caused by the defendant himself in seeking to escape apprehension. See such cases as *State* v. *Licari,* 132 Conn. 220, 222; *Commonwealth* v. *Gorman,* 288 Mass. 294, 300.

There is no error.

In this opinion MacDonald, Kosicki and Wise, Js., participated.