[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR STAY
Plaintiff has filed this appeal seeking judicial review of a decision of the Commissioner of Motor Vehicles ordering the suspension of his license for a period of six months. He has requested that the court stay suspension of his license pending the appeal.
According to the police report, the plaintiff was operating his motor vehicle in Wethersfield where he was clocked by radar traveling 62 miles per hour in a 42-mile per hour zone. The police officer followed him for half a mile with emergency lights on before pulling him over in the Town of Newington. Upon pulling him over the officer noticed a strong odor of alcohol on his breath, slurred speech, flushed face, and glassy eyes. The plaintiff failed the field sobriety test, and was arrested for speeding and driving under the influence of liquor.
The plaintiff claims that the police officer had no probable cause to pursue him outside the Town of Wethersfield CT Page 6345 because he was not committing a felony within the Town of Wethersfield. He claims that General Statutes section 53a-24
which defines the term "offense" excludes motor vehicle violations. However, Chapter 952 of the General Statutes which includes section 53a-24 is concerned with penal code offenses. Chapters 22 through 30 of the Connecticut Practice Book cover procedures to be used in criminal cases. Section 1021 provides in pertinent part as follows:
 "Unless the context clearly requires otherwise: . . . (5) `offense' means any crime or violation which constitutes a breach of any law of this state or any local law or ordinance of a political subdivision of this state, for which a sentence of a term of imprisonment or a fine, or both, may be imposed, including infractions and traffic offenses."
Clearly, traffic violations are "offenses" within the meaning of our criminal procedure statutes unless the context of a statute "clearly requires otherwise."
Section 54-1f of the Connecticut General Statutes falls within the criminal procedure portion of the Connecticut General Statutes (and not in the Penal Code Section). Section54-1f provides in pertinent part:
 "(c) Members of any local police department . . . who perform criminal enforcement duties, when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect an arrest."
The court holds that under section 54-1f (c) the police officer was authorized to pursue the plaintiff into Newington to effect an arrest for speeding. Once there, he also had probable cause to arrest him for the additional offense of operating a motor vehicle while under the influence of liquor. Also see State v. Jarvis, 6 Conn. Cir. Ct. 55; State v. Potter, 3 Conn. Cir. Ct. 41.
Accordingly, the motion for stay is denied.
FRANCES ALLEN SENIOR JUDGE CT Page 6346