## STATE OF CONNECTICUT *v.* JEFFREY L. HARRISON (14750)

PETERS, C. J., BORDEN, BERDON, KATZ and SANTANIELLO, Js.

Argued December 8, 1993—decision released March 15, 1994

*Barry N. Silver,* for the appellant (defendant).

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Joseph Corradino* and *Susan M. Naide,* assistant state's attorneys, for the appellee (state).

SANTANIELLO, J. The defendant, Jeffrey L. Harrison, was convicted by a jury of operating a motor vehicle under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1).[1] The defendant appealed his conviction to the Appellate Court claiming, inter alia, that his arrest in East Haven by a Branford police officer violated General Statutes § 54-1f.[2]

---

[1] General Statutes § 14-227a (a) provides: "OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[2] General Statutes § 54-1f provides: "ARREST WITHOUT WARRANT. PURSUIT OUTSIDE PRECINCTS. (a) For purposes of this section, the respective precinct or jurisdiction of a deputy sheriff or a special deputy sheriff shall be wherever he is required to perform his duties. Peace officers, as defined

The Appellate Court affirmed the decision of the trial court. *State* v. *Harrison,* 30 Conn. App. 108, 116, 618 A.2d 1381 (1993). We granted the defendant's petition for certification limited to the following issue: "Whether General Statutes § 14-227a is an 'offense' within the meaning of General Statutes § 54-1f, thus permitting an officer to pursue an offender outside his jurisdiction in order to make a stop at the first safe opportunity?" *State* v. *Harrison,* 225 Conn. 921, 625 A.2d 824 (1993). We affirm the judgment of the Appellate Court.[3]

in subdivision (9) of section 53a-3, in their respective precincts, shall arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others, provided that no constable elected pursuant to the provisions of section 9-200 shall be considered a peace officer for the purposes of this subsection, unless the town in which such constable holds office provides, by ordinance, that constables shall be considered peace officers for the purposes of this subsection.

"(b) Members of the division of state police within the department of public safety or of any local police department or any chief inspector or inspector in the division of criminal justice shall arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony.

"(c) Members of any local police department or the office of state capitol security, sheriffs, deputy sheriffs, special deputy sheriffs and constables who are certified under the provisions of sections 7-294a to 7-294e, inclusive, and who perform criminal law enforcement duties, when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed.

"(d) Any person arrested pursuant to this section shall be presented with reasonable promptness before proper authority."

[3] The Appellate Court considered the validity of the arrest of the defendant wholly within the context of what it considered to be his claim that "the trial court improperly . . . failed to grant the defendant's pretrial motion to dismiss." *State* v. *Harrison,* 30 Conn. App. 108, 110, 618 A.2d 1381 (1993). If that were all the defendant claimed—that his case should have been dismissed because his arrest had been illegal, without a concurrent claim that the evidence flowing from the arrest should therefore be suppressed—we would be required to reject the claim irrespective of the validity of the arrest,

The following facts are relevant to this appeal. Officer Kevin Potter of the Branford police department was on patrol on Route 1 in the town of Branford on June 6, 1990. At about 11 p.m. he observed an unoccupied vehicle with its signal light on stopped in front of a bar. He looked into the vehicle and checked its registration through the police computer. Finding nothing unusual at the scene, and no record of the vehicle through the computer, he left the area. A short time later, he observed the same vehicle traveling westbound on Route 1. The vehicle was swaying from side to side within the lane. Potter believed that the driver might be intoxicated. He followed the vehicle with the intention of having the driver pull over so he could investigate. Because the vehicle was on a curve and Potter recognized that a stop at that point would be unsafe, he waited to stop the defendant's vehicle until it had reached a driveway. At that point, the vehicle had just crossed over the East Haven town line. After the defendant admitted that he had been drinking and failed several sobriety tests, Potter placed him under arrest. *State* v. *Harrison,* supra, 30 Conn. App. 110–11.

The defendant argues that § 14-227a is not an offense within the meaning of § 54-1f and, therefore, that § 54-1f does not authorize a police officer to pursue a

because the illegality of an arrest, in the absence of evidence gathered thereby and introduced against the defendant at trial, is not a basis for dismissing an information. See *State* v. *Miller,* 227 Conn. 363, 370, 630 A.2d 1315 (1993); *State* v. *Fleming,* 198 Conn. 255, 263, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986).

In this case, however, the defendant did, in the Appellate Court, link the claimed illegality of his arrest to a claim that the evidence gathered thereby should have been suppressed. In the trial court, moreover, he did move to suppress the evidence on the basis of General Statutes § 54-1f, and the trial court denied that motion. Having certified the question of the legality of the defendant's arrest pursuant to § 54-1f, therefore, and considering that suppression of evidence was raised in both the trial court and the Appellate Court as a result thereof, we consider it appropriate to address the certified issue in this context.

suspected offender outside of his or her jurisdiction to make a stop at the first safe opportunity. Section 54-1f (c) authorizes police officers to continue immediate pursuit beyond their respective jurisdictions of any offender who may be arrested "under the provisions of this section." Accordingly, pursuit of the defendant is authorized if § 14-227a is considered an offense under § 54-1f.

The term "offense" is not defined within § 54-1f itself, or within chapter 959 (court jurisdiction and power) or title 54 (criminal procedure) of the General Statutes. When a term is not defined within a statute, the ordinary meaning of the term is used. General Statutes § 1-1. The ordinary meaning of the term "offense"[4] is so broad that it is not particularly instructive in determining whether a motor vehicle violation should be included within the meaning of "offense" under § 54-1f. Because an instructive definition is not available, "we must construe the statute in accordance with the legislature's intent and purpose in drafting the legislation. '[T]he fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature.' (Internal quotation marks omitted.) *Warkentin* v. *Burns,* 223 Conn. 14, 20, 610 A.2d 1287 (1992)." *State* v. *Guckian,* 226 Conn. 191, 198, 627 A.2d 407 (1993).

The defendant urges the court to follow the direction of General Statutes § 53a-2[5] and to apply the definition of offense contained in General Statutes § 53a-24 (a).[6]

---

[4] An offense is defined as "any violation or infraction of a moral or social code" or a "transgression of law." The American Heritage Dictionary (2d College Ed. 1985).

[5] General Statutes § 53a-2 provides in relevant part: "The provisions of this title shall apply to any offense defined in this title or the general statutes, unless otherwise expressly provided or unless the context otherwise requires . . . ."

[6] General Statutes § 53a-24 (a) provides in relevant part: "The term 'offense' means any crime or violation which constitutes a breach of any

He argues that, because § 54-1f does not expressly provide an alternate definition, we are required to apply the penal code definition of "offense." We disagree.

We have previously held that " '[w]hat may or may not be a criminal offense for purposes of a particular statutory categorization is not necessarily determinative of whether it is a criminal offense for [other] purposes . . . .' " (Citation omitted.) *State* v. *Guckian,* supra, 198. We do not mechanistically apply penal code definitions to a statute but interpret the language in a manner that implements the statute's purpose. See, e.g., id., 202 (motor vehicle violation is a crime for purposes of qualifying for drug treatment program); *State* v. *Dukes,* 209 Conn. 98, 122, 547 A.2d 10 (1988) (motor vehicle violation is a crime for purposes of a reasonable search of occupant of stopped vehicle); see also *State* v. *Brown,* 22 Conn. App. 108, 112, 575 A.2d 699, cert. denied, 216 Conn. 811, 580 A.2d 61 (1990) (motor vehicle violation is a violation of criminal laws for purposes of determining whether condition of probation has been violated); *State* v. *Kluttz,* 9 Conn. App. 686, 698–700, 521 A.2d 178 (1987) (negligent homicide with a motor vehicle, a motor vehicle violation, is an offense for purposes of the lesser included offense statute); accord *Illinois* v. *Vitale,* 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980) (traffic violation may be considered an offense for purposes of double jeopardy analysis). Additionally, the Appellate Court has noted that motor vehicle violations are treated as criminal offenses under the Practice Book rules governing procedure in criminal cases. *State* v. *Kluttz,* supra, 698 n.9.

The functions and purposes of § 54-1f determine whether a motor vehicle violation is included within the

law of this state or of any other state or of federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction."

meaning of "offense." Section 54-1f was enacted before the legislature adopted the penal code. It is instructive, therefore, to consider the legislative history of § 54-1f and the interpretation of that statute by the courts.

Subsection (c) of § 54-1f, the subsection at issue in the present case, was enacted in 1961 to "enact into statutory form the present doctrine of hot pursuit that has been developed in the case law for the benefit of organized police officers . . . ." 9 S. Proc., Pt. 5, 1961 Sess., p. 1593, comments of Senator Paul J. Falsey; see also 9 H.R. Proc., Pt. 3, 1961 Sess., pp. 1559–60. The subsection authorizes police officers to pursue outside their jurisdictions any person who may be arrested under the provisions of § 54-1f (a) or (b). Accordingly, if a person may be arrested under § 54-1f (a) or (b) for a motor vehicle violation, that person may be pursued into another jurisdiction.

The application of § 54-1f (a) has not been restricted to felonies or misdemeanors as defined in the penal code, and thus may be applied to motor vehicle violations. Subsection (a) assumed its present form in 1875 and did not distinguish "between misdemeanors and felonies, but define[d] and prescribe[d] the limitations upon peace officers in making arrests without a warrant 'for any offense.' " *Sims* v. *Smith,* 115 Conn. 279, 282, 161 A. 239 (1932). Prior to 1875, the statute had enumerated specific offenses for which an offender could be arrested without a warrant, including " 'profane swearing, drunkenness, or sabbath breaking.' " Id., quoting General Statutes (1821 Rev.) tit. 17, § 2. Section 54-1f (a), formerly § 6-49, which authorizes warrantless arrests under certain circumstances, has been applied to various offenses. See, e.g., *State* v. *Holmes,* 160 Conn. 140, 274 A.2d 153 (1970) (illegal possession of narcotic drugs); *State* v. *Elliott,* 153 Conn. 147, 215 A.2d 108 (1965) (keeping a disorderly house); *State* v. *Spellman,* 153 Conn. 65, 212 A.2d 413 (1965) (keeping

intoxicating liquor with intent to sell); *McKenna* v. *Whipple,* 97 Conn. 695, 118 A. 40 (1922) (dicta stating that statute confers right to arrest for operating a motor vehicle while under the influence of liquor or drugs); *Price* v. *Tehan,* 84 Conn. 164, 79 A. 68 (1911) (warrantless arrest for assembly of persons idly on the sidewalk authorized by statute).

Section 54-1f (c) has been applied previously to extrajurisdictional pursuits for motor vehicle violations. See, e.g., *State* v. *Jarvis,* 6 Conn. Cir. Ct. 55, 264 A.2d 370 (App. Div. 1969); *State* v. *Potter,* 3 Conn. Cir. Ct. 41, 207 A.2d 75 (1964). To date, the legislature has not revised the statute.

Furthermore, General Statutes § 53a-2 qualifies its directive to apply the penal code definition of "offense" to other portions of the General Statutes with the phrase "unless the context otherwise requires." Connecticut's statutory scheme reflects "an unambiguous policy aimed at ensuring that our highways are safe from the carnage associated with drunken drivers." *State* v. *Stevens,* 224 Conn. 730, 739, 620 A.2d 789 (1993), and cases cited therein. "It is an accepted rule of statutory construction that the promulgators of statutes or rules do not intend to proclaim . . . ineffective rules or legislation. It is also a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." (Citations omitted.) *State* v. *Siano,* 216 Conn. 273, 278, 579 A.2d 79 (1990), and cases cited therein. The context of § 54-1f requires us to conclude that the term "offense" as used therein includes motor vehicle violations. Otherwise, the policy stated above could be frustrated by the fortuitous crossing of a town line.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.