PETER F. DUNCAN *v.* LOUIS S. GOLDBERG, COMMISSIONER OF MOTOR VEHICLES ET AL. (12676)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued January 18—decision released April 26, 1994

*Priscilla J. Green,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Jon L. Schoenhorn,* for the appellee (plaintiff).

PER CURIAM. The defendants[1] appeal from the judgment of the trial court sustaining the plaintiff's appeal from the defendants' decision suspending the plaintiff's driver's license, pursuant to General Statutes § 14-227b,[2] for operating a vehicle while under the influence of intoxicating liquor and refusing to submit to chemical breath tests. The trial court sustained the plaintiff's appeal on the sole ground that a Farmington police officer had unlawfully pursued the plaintiff from the town of Farmington into the town of Avon under General Statutes § 54-1f.[3] At the time that the police officer first

---

[1] The defendants are Louis Goldberg, commissioner of motor vehicles, and the department of motor vehicles.

[2] General Statutes § 14-227b (f) provides that a hearing to determine the suspension of a driver's license for driving while under the influence of liquor "shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle."

[3] General Statutes § 54-1f (c) provides in pertinent part: "Members of any local police department . . . when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. . . ."

observed the plaintiff, he noted that the plaintiff was operating his motor vehicle at what appeared to be an excessive rate of speed. Thus, at the time that the officer pursued the plaintiff into Avon, he suspected only that the defendant had committed a motor vehicle violation under General Statutes § 14-219 (c).[4] When the officer stopped the plaintiff's vehicle in Avon, the investigation that he conducted led him to believe that the plaintiff had been operating his vehicle while under the influence of liquor. The officer thereupon arrested the plaintiff and charged him with a violation of General Statutes § 14-227a (a).[5] The trial court found that the officer had unlawfully stopped the plaintiff in Avon for a violation of § 14-219 (c) and, thus, had unlawfully arrested the plaintiff for operating a vehicle while under the influence of liquor in violation of § 14-227a (a). As a result, the trial court found the commissioner's

[4] General Statutes § 14-219 provides in pertinent part: "(a) No person shall operate any motor vehicle (1) upon any highway . . . at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such an occupant; or (2) at a rate of speed greater than fifty five miles per hour upon any highway. . . .

"(c) Any person who violates any provision of subdivision (1) of subsection (a) of this section or who operates a motor vehicle (1) on a multiple lane, limited access highway at a rate of speed greater than seventy miles per hour but not greater than eighty-five miles per hour or (2) on any other highway at a rate of speed greater than sixty miles per hour but not greater than eighty-five miles per hour shall be fined not less than one hundred dollars nor more than one hundred fifty dollars, provided any such person operating a truck, as defined in section 14-260n, shall be fined not less than one hundred fifty dollars nor more than two hundred dollars."

[5] General Statutes § 14-227a (a) provides in pertinent part: "OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

decision clearly erroneous "in view of the reliable, probative and substantial evidence on the whole record." This appeal followed.

This case is controlled by our Supreme Court's recent decision in *State* v. *Harrison,* 228 Conn. 758, 638 A.2d 601 (1994). In *Harrison,* our Supreme Court interpreted the term "offense" as used in General Statutes § 54-1f to include motor vehicle violations. Id., 765. Therefore, in accordance with *Harrison,* we concluded that the Farmington officer had lawfully pursued the plaintiff across town lines, had lawfully stopped the vehicle and had lawfully arrested the plaintiff. Thus, the trial court improperly determined that the commissioner's decision was clearly erroneous.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.