[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Gregory M. Stone appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision in this case are undisputed and fully reflected in the record. On February 10, 1995, State Police Trooper Mark Pelletier, acting on information received from a motorist travelling on Route I-91 northbound near the East Granby exit, contacted an East Granby constable who was on duty and advised him to watch for a suspected drunk driver on Route 20 in East Granby. The trooper gave the constable a description and license plate number of the suspect's vehicle.
The East Granby constable, Officer Christopher Moylan, checked Route 20 in East Granby without results. Trooper Pelletier then advised Moylan that the suspect CT Page 9061 was heading away from East Granby on Route 20. Moylan proceeded out of East Granby on Route 20 and eventually spotted the vehicle in Windsor.
Officer Moylan, who was in uniform and driving a police cruiser, stopped the vehicle after observing it weaving back and forth over the center line of the roadway. The plaintiff was the operator. Moylan took the plaintiff's license and asked him to wait for the arrival of the state police. The plaintiff testified at the administrative hearing that he did not feel free to leave, and he did wait until the state police trooper arrived.
About ten minutes after Moylan stopped the plaintiff, State Police Trooper Peter Strniste arrived at the scene. Based on his observations and the usual field sobriety tests, Trooper Strniste charged the plaintiff with driving while under the influence of alcohol in violation of General Statutes § 14-227a, took him into custody and transported him to state police headquarters in Hartford. Thereafter, the plaintiff allegedly refused to submit to a chemical test of the alcohol content of his blood in violation of § 14-227b.
Following the administrative hearing in this case, the hearing officer rendered a final decision in which she found, inter alia, that the police lawfully arrested the plaintiff on the drunk driving charge. The sole basis of the plaintiff's appeal to this court, as set forth in his brief, is that the arrest was unlawful. This court has held that the commissioner may not suspend the license of an individual under General Statutes § 14-227b
in a case where the arrest on the drunk driving charge was unlawful. See Field v. Goldberg, 42 Conn. Sup. 306, 5 CONN. L. RPTR. 369 (1991).
In essence, the plaintiff argues that Constable Moylan did not have the authority to stop the plaintiff and arrest him for an alleged offense that took place outside the town limits of East Granby. The plaintiff cites General Statutes §§ 7-148 and 54-1f.
Sections 7-148(c)(4)(A) and 54-1f(a) restrict the authority of a local police officer to make arrests to CT Page 9062 the geographical boundaries of the municipality that appointed the officer. State v. Kuskowski, 200 Conn. 82,86 (1986). The statutes provide two exceptions to this rule: subsection (b) of § 54-1f permits a local police officer to arrest a person on a felony charge outside the jurisdiction and subsection (c) of that statute permits a local officer to pursue a person who has committed any offense within the jurisdiction and arrest him outside the jurisdiction. See State v. Kuskowski, supra, andState v. Harrison, 228 Conn. 758 (1994).
Both the federal and state constitutions "permit a brief investigatory detention, even in the absence of probable cause, if the police have a reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172,184 (1990). See also Terry v. Ohio, 392 U.S. 1 (1968). On the other hand, it is axiomatic that the police may not arrest a person without probable cause to believe that the person has committed a crime. Our law thus recognizes a clear distinction between the two forms of detention that the police may impose on a person. A corollary proposition is that the mere fact of detention, the lack of freedom to leave, does not alone signify an arrest.
In the present case, the court concludes that Officer Moylan did not arrest the plaintiff on the charge of violating General Statutes § 14-227a or any other charge. His testimony, as well as that of the state police officers and the plaintiff himself, establish that Moylan stopped the plaintiff based on his reasonable suspicion that the plaintiff was violating one or more provisions of the motor vehicle laws. He then detained the plaintiff for a brief period until the state police arrived. Such action does not constitute an arrest. Statev. Andrews, 33 Conn. App. 590, 599-600 (1994); cert. den.229 Conn. 730 (1993). Such action is not, therefore, prohibited by § 54-1f(a), which is concerned only with an officer's authority to effect an arrest. Moylan's action was also not prohibited by either subsection (b) or (c) of that statute, which pertain only to arrests outside the jurisdiction under certain circumstances.
The issue before the court boils down to whether a local police officer may legally stop and detain a CT Page 9063 person, outside the officer's geographical jurisdiction, when the officer reasonably suspects the person has committed or is committing an offense outside that jurisdiction.
In State v. Andrews, supra, the court held that an off-duty police outside his jurisdiction was acting as a private citizen and did not violate any law when he stopped and detained an erratic driver whom he suspected of being intoxicated. In State v. Kuskowski, supra, 200 Conn. 84-86, the court held that the Brookfield police, who were on duty, did not violate the law when they left the boundaries of their town to investigate a suspicious vehicle parked several hundred yards away in Bridgewater. The court noted that the Brookfield police officer, "no less than any other citizen, had a right to stand beside the defendant's car (in Bridgewater) and peer in."
Based on the cases cited above, the court holds that Officer Moylan in this case did not violate any law when he stopped the plaintiff and briefly detained him until the state police arrived and formally arrested him. Although Moylan was on duty and unquestionably was acting in an official capacity, having been summoned over his police radio by the state police to assist them, he was not barred by § 54-1f(a) or § 7-148 from effecting a brief investigative stop of the plaintiff, as distinguished from an arrest. Those statutes pertain only to arrests, not to Terry stops. As the defendant commissioner points out in his brief to this court, to hold otherwise would be to afford a police officer less power than a private citizen to halt a crime in progress if the police officer happened to be outside his official jurisdiction when he observed it. That is the kind of absurd result that our courts have consistently refused to sanction. See State v. Stevens, 224 Conn. 730, 737
(1993).
For the reasons set forth above, the court holds that the hearing officer in this case was correct in determining that the police lawfully stopped the plaintiff and that his subsequent arrest was likewise lawful.
The plaintiff's appeal is dismissed. CT Page 9064