[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS/SUPPRESS
The defendant was operating her motor vehicle at 2:54 a.m. on February 11, 1995 on Route 44 in Winsted, Connecticut. The arresting officer followed the defendant's vehicle for a period of time and noticed that her vehicle was not being operated in a normal manner. He observed the defendant's vehicle swerving from one side to the other side within her lane of travel on several portions of Route 44. He eventually pulled the defendant's vehicle over. It is the legality of this action by the police officer that the defendant wishes to challenge. There is no factual dispute.
She initially filed a Motion to Dismiss under Section 815 of the Practice Book. Apparently, she believed that a challenge to the legality of her stop would best be tested by the motion. At the time of hearing, it was agreed that the intent of the motion was really to suppress the subsequent evidence obtained by the police officer as a result of the stop. The motion was orally amended and the evidence heard.
It is axiomatic in modern constitutional law that theFourth Amendment to the United States Constitution allows a police officer to detain an individual citizen briefly for investigative purposes if the officer has a "reasonable and articulable suspicion" that the individual citizen is engaged in criminal activity. See Statev. Cofield, 220 Conn. 38, 44 (1991). This standard is also CT Page 14268 applicable pursuant to the Constitution of Connecticut. State v.Lamme, 216 Conn. 172, 184 (1990).
The only issue before this court is whether the defendant's extensive weaving within her travel lane at 2:34 a.m. in the morning constitutes a reasonable and articulable suspicion to justify an investigative stop to determine if she is in fact intoxicated or impaired. As our Supreme Court has recognized the persuasive societal interest in the apprehension and punishment of drunken drivers, and has found that balancing such stops in the context of the risks associated with driving while under the influence of intoxicating liquor does not violate due process.State v. Lamme, supra. The court determines that these circumstance meet that test and that the stop was therefore legal. See State v. Harrison, 30 Conn. App. 108, 114, affirmed
on other grounds 228 Conn. 758 (1994). The motion to suppress is accordingly denied.
By the Court,
Charles D. Gill, J.