[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above named defendant, who is charged with Operating a Motor Vehicle While Under the Influence in violation of section 14-227 C.G.S., has filed a motion to suppress on the ground that the vehicle stop which resulted in his arrest was made without probable cause or articulable suspicion. An evidentiary hearing was held regarding this motion on November 13, 1997. From the evidence presented at that proceeding the court finds the following facts to have been proven.
At approximately 8:30 P.M. on August 2, 1997 Trooper David Piela, an eight-year veteran of the Connecticut State Police Department, was on routine patrol when he was dispatched to the DB Mart on Route 32 in the Town of North Windham. Piela arrived at that location within ten to fifteen minutes of receiving the call. He met with two store employees who told him that two adult white males had just driven away in a car after leaving the store in a highly intoxicated condition. At least one of the individuals was so intoxicated that he had difficulty standing up. The employees also stated that while the two men were in the store a third person remained in a car and, for no apparent reason, was "revving up" the engine of the car creating a very loud noise. Trooper Piela described this incident as "a disturbance" The employees gave the trooper a description of the CT Page 13152 vehicle, its license plate number, and the direction the vehicle had taken when leaving the DB Mart.
Trooper Piela immediately began searching for the suspect vehicle which he located and stopped about ten minutes into the search. The defendant was operating the vehicle which contained one other person. The Trooper told the defendant why he had stopped him and requested license and registration information. As the result of the trooper's observations at the scene the defendant was arrested and charged with Operating While Under the Influence.
A brief investigatory stop and detention by a police officer is proper, "`even in the absence of probable cause, if the police have a reasonable and articulable suspicion that a person has committed or is about to commit a crime.'" State v. Harrison,30 Conn. App. 108, 111, 618 A.2d 1381 (1993), aff'd, 228 Conn. 758,638 A.2d 601 (1994), quoting State v. Lamme, 216 Conn. 172, 184,579 A.2d 484 (1990) An investigative stop can be appropriate even where the police have not observed a violation because "a reasonable and articulable suspicion can arise from conduct that alone is not criminal." State v. Harrison, supra, 113.
"Reasonable and articulable suspicion is an objective standard that focuses not on the actual state of mind of the police officer, but on whether a reasonable person, having the information available to and known by the police, would have had that level of suspicion. . . . The police officer's decision . . . must be based on more than a hunch or speculation. . . . In justifying the particular intrusion the police of officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion" (Citations omitted; internal quotation marks omitted ). State v. Gant,231 Conn. 43, 65, 646 A.2d 835 (1994), cert. denied, ___ U.S. ___,115 S.Ct. 1404, 131 L.Ed.2d 291 (1995).
The loud revving of an automobile engine outside of a convenience store for no apparent reason was unusual conduct. The incident was of sufficient significance to the employees that they reported it to the police. Any reasonable person might have been annoyed or alarmed by the incident given the facts and circumstances of this case. The person whose conduct caused the noise and disturbance at the convenience store could reasonably be suspected of having committed the offense of Disorderly CT Page 13153 Conduct [52-182(3)] or Creating a Public Disturbance [53a-181a(3)].[1]
Additionally, rational inferences derived from the fact that someone who may or may not have been the subsequent operator of the vehicle was loudly revving the engine of the vehicle for no apparent reason, together with the fact that two highly intoxicated individuals got into and drove off in that same vehicle, could lead a reasonable person to suspect that the person who operated the vehicle as it left the convenience store may have been operating while under the influence.
The facts in the present case are clearly distinguishable from the facts in Schenfield v. Commissioner of Motor Vehicles, Hartford-New Britain J. D. (Docket No. CV97-0569900 June 12, 1997) cited by the defense. The motor vehicle stop in this case was not based upon an anonymous tip. The complaining parties in this case were identified and personally communicated their observations and concerns to the arresting trooper before he stopped the offending vehicle.
The court finds that the State Trooper had reasonable and articulable suspicion sufficient to permit him to stop the vehicle and briefly detain its occupants in order to investigate and evaluate the incident. Accordingly, the motion to suppress is denied.
Dated at Rockville this 18th day of December 1997.
Terence A. Sullivan Superior Court Judge