[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Jill Moore appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for six months. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds CT Page 9513 the issues in favor of the defendant.
The record reflects the following facts. On February 2, 1998, at 10:12 p. m., Officer Rogozinski of the Thomaston Police Department observed the plaintiff's motor vehicle traveling northbound on Main Street in Thomaston. He saw the vehicle weaving from left to right, crossing the center line. Officer Rogozinski stopped the plaintiff's vehicle and, while talking to the plaintiff, he noticed the smell of alcohol on her breath and slurring of her speech. She admitted to drinking earlier. She performed the field sobriety tests poorly and was placed under arrest. At police headquarters, she declined the opportunity to contact an attorney, she was advised of her Miranda rights and she was read the implied consent advisory. When asked if she would submit to a breath test, she first agreed and then refused.
Consequently, pursuant to General Statutes § 14-227b, the commissioner suspended the plaintiff's license for six months, effective March 4, 1998. She requested a hearing which was held on February 25, 1998. At the hearing the hearing officer confirmed that the plaintiff intended to proceed without an attorney. The hearing officer affirmed the suspension order. This appeal followed.
The plaintiff, now represented by counsel, raises four issues. None of these issues was raised before the hearing officer. She claims that there was not substantial evidence that she was operating on a public road; that she was not advised of her rights against self-incrimination at the hearing; that the record is not clear that the A-44 was properly subscribed and sworn to; and that the record does not show that the implied consent advisory was read to the plaintiff.
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Review of the commissioner's action is highly restricted." Kirei v. Hadley,47 Conn. App. 451, 454 (1998).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial CT Page 9514 evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte,
supra, 229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshallv. DelPonte, 27 Conn. App. 346, 352, 606 A.2d 716 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut BuildingWrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 708-709 (1997).
The court addresses all four of the plaintiff's claims on the merits. Burnham v. Administrator, 184 Conn. 317, 322-23 (1981) ("the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings."). As to the first issue, the plaintiff argues that since the officer failed to check off the box indicating operation on public road, there is not substantial evidence of operation on a public road. The court disagrees. In the narrative incident report attached to the A-44 the officer notes "[t]hat on the above date and time I was on routine patrol traveling Northbound on Main Street when I observed a vehicle in front of me also traveling in the same direction on Main Street operating erratically." (Return of Record, A-44 attachment, incident report, p. 1.)
One of the four requisite findings to be made by the hearing officer is that there was probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor or drug. See General Statutes § 14-227b(f). Under General Statutes § 14-227a(a), the operation must occur on a public highway or one of the designated areas. The above evidence contained in the record is sufficient to support the finding of the hearing officer. See State v.Harrison, 30 Conn. App. 108, 119 (1993), aff'd 228 Conn. 758
(1994); O'Rourke v. Commissioner of Motor Vehicles, CT Page 951533 Conn. App. 501, 508-09, cert. denied 229 Conn. 909
(1994); see also Cleary v. Goldberg, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 0703696 (September 21, 1993).
In light of the evidence contained in the record and applicable case law, the remaining three issues warrant little discussion. The plaintiff argues that because the hearing officer failed to advise her of her right not to testify at the hearing, she was treated unfairly as a pro se litigant.[1] She cites no authority for this proposition, and the holding in Miranda v.Arizona, 384 U.S. 436, 444-45 (1996) does not extend to administrative license suspension hearings.
The plaintiff next argues that the A-44 was not subscribed and sworn to under oath as required under General Statutes § 14-227b(c). The record reflects otherwise. While not the clearest of copies, the signature page of the A-44 does contain both a signature of the arresting officer and a signature for the person who administered the oath. (Return of Record (ROR), A-44, p. 2.)
Finally, the plaintiff argues that the record does not show that the implied consent advisory was read to the plaintiff prior to the breath tests. In Volck v. Muzio, 204 Conn. 507, 521
(1987), the Supreme Court held,
 We conclude, as did the trial court, that a failure to warn the plaintiff of the consequences of his refusal of testing would not constitute a ground for setting aside the order of suspension. Accordingly, we need not resolve the claim of the plaintiff that the trial court's finding that the warning was properly given was not adequately supported by the evidence.
See also Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 711 (1997) ("That license suspensions hearings are limited to the four issues specified in subsection (f) of § 14-227b
indicates that the legislature did not intend compliance with either subsection (b) or subsection (c) to be an essential condition for suspension."). Thus, this issue is not a ground for sustaining this appeal. Furthermore, there is evidence in the record that the implied consent advisory was read to the plaintiff. (ROR, incident report, p. 2.)
The plaintiff concludes by urging the court to consider her pro se status at the hearing and her status as a single working CT Page 9516 mother of two children. Latitude towards a pro se litigant and the exercise of equitable powers by the court does not aid the plaintiff here where the legislature has so clearly declared its intent to deter intoxicated persons from driving through this statutory scheme. For example, in State v. Hickam, 235 Conn. 614,624-25 (1995), the Supreme Court noted,
 An examination of the legislative history of § 14-227b reveals that a principal purpose for the enactment of the statute was to protect the public by removing potentially dangerous drivers from the state's roadways with all dispatch compatible with due process. Legislators expressed the hope that "this bill [would] save lives . . . [because] anywhere from 20-30 people, Connecticut residents [would] be spared. . . ." 32 H.R. Proc., Pt. 30, 1989 Sess., p. 10,562, remarks of Representative Christopher Burnham. Legislators also hoped that the bill would send a "message that we will not tolerate drunken drivers on our roads . . . [and] the loss of life and property on our roads as a result of drunken drivers." 32 S. Proc., Pt. 12, 1989 Sess., p. 3979, remarks of Senator Anthony V. Avallone.
Further, the Supreme Court has recognized a person such as the plaintiff who has been arrested with probable cause for operating under the influence refuses to submit to a test mandated under the implied consent law, the legislature has created consequences of such a refusal that are swift and remarkably certain. Volck v. Muzio, supra, 204 Conn. 514. SeeState v. Swain, 245 Conn. 442, 456 (1998) ("the legislature has promulgated `an unambiguous policy aimed at ensuring that our highways are safe from carnage associated with drunken drivers.'").
The record supports the suspension. The decision is not clearly erroneous in view of the reliable probative and substantial evidence in the record.
The appeal is dismissed.
DiPentima, J.