[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
 FACTS
The defendant, Joseph Innamorato, was the driver of a motor vehicle involved in an accident in the parking lot adjacent to Humphrey's Restaurant, which is located on Route One in Old Saybrook, Connecticut. State Police responded and arrested Mr. Innamorato for driving under the influence pursuant to C.G.S. § 14-227a, which states in part:
 "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . in a parking area for ten or more cars . . ."
The defendant now moves to dismiss this action. The Site Plan for Humphrey's, which was approved by the Town of Westbrook Zoning Commission, shows the existence of nine parking spaces in the lot at issue. The defendant argues that because the lot was "approved" for only nine spaces, the provisions of C.G.S. § 14-227a do not apply.
During oral argument on this motion, a State Trooper testified that this parking lot is privately owned and there are no markings or signs designating specific spaces, except for handicapped parking signs. He also stated that the parking lot accommodates between fifteen and twenty cars; that he has observed more than ten cars in the lot at one time and that the previous night he observed between ten and fifteen cars parked in the area. Lastly, because it is private property he has no authority to issue parking tickets in this lot.
DISCUSSION
The sole issue presented in this motion is whether the provisions of C.G.S. § 14-227a (a) extend only to parking areas[1] "approved" for ten or more spaces. The defendant claims that the words of the statute CT Page 11015 are unambiguous and should be given their common meaning. The word "approved" does not appear in the statute, however, nor does the word "spaces." "Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them." State v. Nelson, 126 Conn. 421, [126 Conn. 412], 416, 11 A.2d 856 (1940).
The parties and this court have been unable to locate any Connecticut decisions addressing this issue. Moreover, an examination of the legislative history provides no enlightenment on this aspect of the statute. Accordingly, it is necessary to ascertain and give effect to the apparent purpose of the legislature when it enacted the "parking area" amendment in 1971. See, State v. Mattioli, 210 Conn. 573, 556 A.2d 584
(1989). In so doing, the court is mindful that criminal statutes should be strictly construed; although, ". . . it is equally fundamental that the rule of strict construction does not require an interpretation that frustrates an evident legislative intent." State v. Stevens, 224 Conn. 730,736-737, 620 A.2d 789 (1993).
"Connecticut's statutory scheme reflects an unambiguous policy aimed at ensuring that our highways are free of the carnage associated with drunk drivers." State v. Gura, 46 Conn. App. 633, 700 A.2d 88 (1997). To hold that C.G.S. § 14-227a limits arrests to only those parking areas "approved" for ten or more spaces would undermine the legislature's intent to protect individuals in parking areas from the dangers of drivers operating under the influence. Here, the parking area in question accommodates and is utilized by ten or more cars. There are no lines or markings identifying specific spaces in the lot, nor do signs limit parking to nine cars. The court finds that the parking lot at issue "is for ten or more cars," within the meaning of C.G.S. § 14-227a.
For the reasons herein stated, the defendant's Motion to Dismiss is denied.
 CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT