STATE OF CONNECTICUT *v.* MICHAEL KOWAL
(11815)

DUPONT, C. J., FOTI and HEIMAN, Js.

Argued April 29—decision released June 22, 1993

*Richard A. Volo,* with whom was *James F. Rogers IV,* for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Mary Galvin,* state's attorney, and *Frank McQuade,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a conditional plea of nolo contendere pursuant to General Statutes § 54-94a,[1] of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.[2] The defendant's sole claim is that the trial

---

[1] General Statutes § 54-94a provides in pertinent part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure . . . the defendant after the imposition of sentence may file an appeal within the time prescribed by law. . . . The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress . . . ."

[2] General Statutes § 14-227a (a) provides: "OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been

court improperly denied his motion to suppress evidence obtained during his arrest. We affirm the judgment of the trial court.

On February 28, 1992, at approximately 11:30 p.m., two Derby police officers, Salvatore Forsceno and Scott Todd, observed a motor vehicle, operated by the defendant cross the double center line of Main Street in Derby and make an abrupt right turn across two lanes of traffic onto the southbound entrance ramp of Route 8. The officers, who were several car lengths behind the defendant, followed him onto the entrance ramp and across a bridge, where the defendant took the next exit off Route 8 into Shelton. The defendant drove erratically while on the ramp and bridge. The officers were unable to position their vehicle behind the defendant's vehicle and initiate a motor vehicle stop until they reached the exit ramp in Shelton. Upon subsequent investigation following the motor vehicle stop, the officers determined that the defendant had operated his motor vehicle in Derby under the influence of alcohol and arrested him for that offense.

In this appeal, the defendant argues that the trial court improperly denied his motion to suppress because (1) the officers' "reasonable suspicion" that a violation of General Statutes § 14-227a had been committed was not sufficient to permit them to make an extraterritorial arrest pursuant to General Statutes § 54-1f (c),[3] and (2) the officers were not in "immediate pursuit" of him.

established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[3] General Statutes § 54-1f provides in pertinent part: "(a) . . . Peace officers . . . in their respective precincts, shall arrest, without previous complaint and warrant, any person for any offense in their jurisdic-

The defendant asks that we differentiate between an infraction and an offense. He argues that although operating under the influence is unquestionably an offense pursuant to General Statutes § 54-1f, the police officers in this case had probable cause to believe only that he had committed an infraction and, therefore, could not make an extraterritorial arrest.

We have recently stated that the fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because "a reasonable and articulable suspicion can arise from conduct that alone is not criminal." *State* v. *Harrison,* 30 Conn. App. 108, 113, 618 A.2d 1381, cert. granted, 225 Conn. 921, 625 A.2d 824 (1993). "[T]he weaving of a vehicle in its own lane provides reasonable and articulable suspicion to justify an investigative stop to determine if the driver is, in fact, intoxicated or impaired, [and] thereby violating General Statutes § 14-227a." Id., 113 n.4.

In this case, the conduct amply supports the trial court's determination that the officers had a reasonable and articulable suspicion that justified their making an investigative stop. The defendant drove his motor vehicle across the double center line of Main Street in Derby. He then made an abrupt right turn across two lanes of traffic onto the southbound entrance ramp of Route 8. His erratic driving continued on the ramp and bridge, also within the town limits of Derby. The fact that the conduct observed by the arresting officers within their jurisdiction may have constituted only an infraction is irrelevant. The statute does not require

tion, when the person is taken or apprehended in the act or on the speedy information of others . . . .

"(c) Members of any local police department . . . when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. . . ."

that the officers establish probable cause to arrest the defendant before they leave their jurisdiction.[4]

The defendant does not claim that police officers may not conduct investigatory stops[5] outside of their own precincts. See *State* v. *Kuskowski,* 200 Conn. 82, 510 A.2d 172 (1986); *State* v. *Miller,* 29 Conn. App. 207, 614 A.2d 1229, cert. granted, 224 Conn. 914, 915, 617 A.2d 170 (1992). Rather, he claims that pursuant to § 54-1f (c) they may do so only when in "immediate pursuit" of an offender.

"We have previously determined that the arresting officer had a reasonable and articulable suspicion to make an investigatory stop of the defendant for the defendant's actions while in the officer's jurisdiction. The mere fact that the actual stop and arrest occurred [in another town] will not undercut the validity of the arrest. The language of § 54-1f (c) is clear. The requirement of subsection (a), therefore, is that the offense, or the actions that lead to a reasonable and articulable suspicion that an offense has or is about to be committed, occur in the officer's jurisdiction." *State* v. *Harrison,* supra, 116. As in *Harrison,* the arresting officers here conducted the investigatory stop that led to the defendant's arrest on the basis of the defendant's actions while he was in the officers' jurisdiction.

In interpreting the term "immediate pursuit" as found in § 54-1f (c), the trial court applied its ordinary meaning of "to follow without delay" and found that the officers were in "immediate pursuit" of the defend-

---

[4] There is no question that probable cause was necessary to justify the arrest here; however, the issue of probable cause for the arrest itself is not an issue on appeal.

[5] A brief investigatory stop, commonly referred to as a *Terry* stop; *Terry* v. *Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); is permitted, even in the absence of probable cause, if the police have a reasonable and articulable suspicion that a person has committed or is about to commit a crime.

ant for purposes of the statute. We agree. We are unpersuaded by the defendant's contention that the term "immediate pursuit" in § 54-1f (c) should derive its definition from General Statutes § 14-283a (a)[6] which concerns high speed chases. The defendant's alternative claim that the common law doctrine of "hot pursuit" should control the definition of "immediate pursuit" and require either an attempted avoidance of an arrest or an awareness of a pursuit is also without merit. Police officers need not have lights flashing or sirens on to be in immediate pursuit; it suffices if the pursuit is conducted without undue delay and is accomplished at the earliest safe opportunity. No chase is required for "immediate pursuit."

The trial court properly found that the investigatory stop satisfied the constitutional requirement of reasonable and articulable suspicion, and that the defendant's arrest was accomplished pursuant to probable cause. The court therefore properly denied the defendant's motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] General Statutes § 14-283a (a) provides: "*As used in this section,* 'pursuit' refers to an attempt by a police officer in an authorized emergency vehicle to apprehend one or more occupants of another moving motor vehicle, when the driver of the fleeing vehicle is attempting to avoid apprehension by maintaining or increasing his speed or by ignoring the police officer's attempt to stop him." (Emphasis added.)