[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8041
Plaintiff Kenneth R. Loiselle appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of his blood following his arrest on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing in this case, the plaintiff appeared and testified. The plaintiff also presented a witness whom the hearing officer qualified as an expert in accident reconstruction, engineering and "speeds clocking." Also admitted in evidence, over the objection of the plaintiff, was the report of the police officer who arrested the plaintiff. This consisted of the department of motor vehicles A-44 report form as well as the officer's arrest report in narrative form. The arresting police officer signed both reports under oath.
The police officer's report states that the officer observed the plaintiff operating his vehicle in Putnam shortly after midnight. According to the report, the plaintiff made a right turn, crossed into the wrong lane for approximately twenty feet, came to a full stop at a flashing yellow light, and then proceeded at 50 mph in a 30 mph zone. He slowed to 40 mph to negotiate some curves in the road. At that point, the officer turned on his emergency lights, but the plaintiff did not stop immediately, proceeding "several hundred feet" further. In response to the officer's question, the plaintiff told the officer that he had "had a few" at a bar in downtown Putnam. The police officer smelled alcohol on the plaintiff's breath. He then administered the customary field sobriety tests, which, in the officer's opinion, the plaintiff failed.[1]
After administering the sobriety tests, the police officer arrested the plaintiff on the drunk driving charge. The plaintiff subsequently failed the intoximeter test at the police station. CT Page 8042
The plaintiff testified at the administrative hearing in this case that he did cross over the dividing line when he made the turn, as observed by the officer, but claimed that was necessary because of the length of his pickup truck and did not indicate any wrongdoing. He denied reaching speeds of 50 mph. He further claimed that he did not immediately stop in response to the flashing police lights because the roadway was too narrow to do so safely. The plaintiff's expert witness testified that in his opinion the police officer was not in a position to have made an accurate estimate of the plaintiff's speed and, further, that the plaintiff was not traveling at the speed noted in the officer's report.
In his final decision, the hearing officer found, inter alia, that the police officer had probable cause to arrest the plaintiff on the drunk driving charge.
At some point while the administrative proceeding was pending, the state filed a substitute information in the criminal case against the plaintiff, substituting the charge of reckless driving in violation of General Statutes § 14-222 for the original charge of driving under the influence of alcohol in violation of § 14-227a. The plaintiff pleaded guilty to the reckless driving charge, and he was fined and his license was suspended in accordance with that statute.
The plaintiff advances two arguments as the bases of his appeal: (1) that the hearing officer erroneously found that the police had probable cause to arrest the plaintiff; and (2) that the commissioner's license suspension proceeding constituted a second prosecution for the same offense, in violation of the double jeopardy provisions of the federal and Connecticut constitutions.
The plaintiff's probable cause argument attacks both the legality of the initial stop of his vehicle by the police as well as the officer's subsequent determination of probable cause to arrest him. Neither attack may prevail.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is CT Page 8043 proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime."State v. Lamme, 216 Conn. 172, 184 (190). Furthermore, such suspicion can arise from the observation of actions that are themselves innocent in nature. The "fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Citations and internal quotation marks omitted.) State v. Kowal,31 Conn. App. 669, 672 (1993)."
In the present case, the report of the police officer, which was in evidence, sets forth the officer's observations of the plaintiff driving erratically and in excess of the established speed limit. Those observations would clearly support a reasonable and articulable suspicion of misconduct. Such a suspicion is no less real even if subsequent investigation proves it to be unfounded. Even if the hearing officer believed the testimony of the plaintiff's expert witness that the plaintiff's operation of his vehicle was in fact normal and that he could not have attained the speed estimated the police officer, the hearing officer could still have found that the police officer, from his perspective at the time in question, had the requisite degree of suspicion to justify the stop. The court concludes that there was sufficient evidence to support the finding that the initial stop of the plaintiff by the police officer was legal.
Nor can the plaintiff prevail in his argument that the police officer lacked probable cause to arrest the plaintiff after stopping him. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres,182 Conn. 176, 189 (1980). "Judicial review of the commissioner's action . . . is very restricted . . . . The credibility of witnesses and the determination of factual CT Page 8044 issues are matters within the province of the administrative agency, and, if there is evidence. . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705
(1976). A review of the record, as summarized above, establishes that there was substantial evidence in the form of the police officer's report which reasonably supports the hearing officer's finding of probable cause for the plaintiff's arrest. This is true notwithstanding the introduction of conflicting testimony by the plaintiff.
Lastly, the plaintiff argues that the administrative suspension of his driver's license that is the subject of this appeal constitutes double jeopardy because the commissioner has already suspended his license as a result of his conviction of violating the reckless driving statute, § 14-222. See § 14-111(b). This argument may not be sustained.
The fifth amendment to the United States constitution provides that "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." This constitutional guarantee is applicable to the states through the due process clause of the fourteenth amendment. Benton v. Maryland, 395 U.S. 784
(1969). In addition, although our state constitution does not contain a specific double jeopardy prohibition, the court "has long recognized as a fundamental principle of common law that no one shall be put in jeopardy more than once for the same offense." State v. Langley,156 Conn. 598, 600-01 (1968).
As a result of the plaintiff's arrest on the original drunk driving charge, he faced two distinct proceedings.
As noted, the plaintiff pleaded guilty to the charge of reckless driving in criminal court proceedings. General Statutes § 14-111(b) requires in such cases that the commissioner, without hearing, suspend the defendant's driver's license for a mandatory one-year period. CT Page 8045
In the case presently before the court, the commissioner acted in accordance with the provisions of General Statutes § 14-227b, which require the commissioner to suspend the license of anyone whom the designated hearing officer finds to have operated a motor vehicle and whose blood alcohol level exceeded the statutory limit.
Although the two proceedings arose from a single incident and a single arrest, they clearly have not subjected the plaintiff to double punishment for the same offense. In the criminal proceeding and its license suspension sequel, the plaintiff was punished for driving "recklessly" in violation of § 14-222. In the administrative proceeding, required by § 14-227b, the plaintiff's license was suspended because of the alcohol level in his blood. The most cursory analysis of the two statutes reveals that the offenses proscribed by them are not the same. Even if the § 14-227b suspension is construed to be a punishment, it was not imposed for the same offense and was not, therefore, in violation of the plaintiff's constitutional rights. The court notes in this regard that it is commonplace for the state legally to charge a criminal defendant with multiple crimes arising out of the same incident. See State v. Snook,210 Conn. 244, 263-66 (1989).
For all of the foregoing reasons, the court holds that the commissioner's decision must be affirmed.
The appeal is dismissed.