[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Christian Dinello appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested for driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The administrative hearing in this case was protracted, taking place over two days. The plaintiff and the police officer who arrested him were the principal witnesses. In addition, there was documentary evidence, including the officer's report on the A-44 form and supplemental narrative pages. Also in evidence were the paper tapes generated by the intoximeter machine. The hearing officer made two evidentiary rulings that are at issue in this appeal. She refused to allow the plaintiff's attorney to question the arresting police officer about a law suit in which he may have been a party, and she refused to go outside and listen to the engine noise made by the plaintiff's vehicle.
Following the hearing, the hearing officer rendered her decision, finding adversely to the plaintiff on the four issues prescribed by General Statutes § 14-227b(f). The plaintiff advances four arguments in support of his appeal to this court: (1) that the police had insufficient grounds for stopping his vehicle prior to arresting him; (2) that the hearing officer denied him due process of law in refusing to listen to and accept as evidence his vehicle's engine noise; (3) that the police failed to check the intoximeter machine for accuracy in accordance with the law; and (4) that the hearing officer denied the plaintiff due process in refusing to allow him to cross-examine the police officer about the law suit.
I. Investigatory Stop
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." CT Page 8883State v. Lamme, 216 Conn. 172, 184 (190). Furthermore, such suspicion can arise from the observation of actions that are themselves innocent in nature. The "fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Citations and internal quotation marks omitted.) State v. Kowal,31 Conn. App. 669, 672 (1993)."
In the present case, the police officer who stopped the plaintiff in his vehicle, Officer Howard of the Southington Police Department, testified at the hearing that he observed the plaintiff start off from a standing stop, tires squealing and engine roaring. He stated that it was not "an ordinary start from a stopped position." He testified that he believed that the noise made by the vehicle violated the statute establishing maximum noise levels. He further testified that in his opinion the plaintiff then drove his vehicle well in excess of the posted speed limit of 35 mph.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." This means that "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. BuildingWrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991).
In the present case, the hearing officer was entitled to credit fully the testimony of the police officer notwithstanding contrary evidence that may have been presented by the plaintiff and notwithstanding errors or weaknesses in his testimony that may have emerged in cross-examination. That being so, the hearing officer had sufficient and substantial evidence to support her finding that the police officer was justified under the law in stopping the plaintiff for further investigation.
II. Evidence of Engine Noise Level
CT Page 8884
The plaintiff argues that the hearing officer's refusal to listen for herself to the noise level of the vehicle during the administrative hearing deprived him of his due process rights. In support of this argument, the plaintiff cites Huck v. Inland Wetlands WatercoursesAgency, 203 Conn. 525, 536 (1987), holding that "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." The plaintiff also cites this court's decision in Topar v. Goldberg, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 93 030 46 84 March 30, 1994).
Assuming that the plaintiff could have established that the vehicle's engine noise level was the same at the time of the administrative hearing as it was at the time the police officer heard it prior to stopping the plaintiff, that evidence would have been relevant to the issue of the reasonableness of the police officer's suspicions that led to the stop. Nevertheless, under the circumstances of this case, the court concludes that the hearing officer's ruling excluding that evidence is not a sufficient reason for reversing her decision.
"In evaluating the validity of such (an investigative) stop, courts consider whether, in light of the totality of the circumstances — the whole picture, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Citations and internal quotation marks omitted.) State v. Harrison 30 Conn. App. 108, 112
(1993).
In the present case, in addition to the police officer's testimony about the noise emitted by the plaintiff's vehicle, the hearing officer also had the testimony that the tires squealed as the vehicle started off, indicating an abnormal burst of speed, and that the vehicle then did attain excessive speed. Thus, the totality of the circumstances as described by the police officer, even without evidence of the engine's actual noise level, afforded sufficient basis for the stop. CT Page 8885
General Statutes § 4-183 provides that the court may reverse the agency's decision only if "substantial rights of the person appealing have been prejudiced" by an error of law or procedure. Since there was ample evidence in this case, independent of the engine noise evidence, to justify the stop, the hearing officer's refusal to accept evidence of that noise did not significantly prejudice the plaintiff.
III. Accuracy Check of Intoximeter Machine
The police officer indicated on his A-44 report form that he checked the intoximeter machine in accordance with the requirements of the law and he testified at the administrative hearing concerning the testing procedure. The hearing officer thus had ample and substantial evidence to support her finding that the results of the tests of the plaintiff's alcohol level in his blood were reliable. See Schallenkamp v. DelPonte, 229 Conn. 31
(1994).
IV. Cross-Examination of Police Officer
The plaintiff's attorney attempted to cross-examine Officer Howard, the arresting police officer, about a law suit in which the officer may have been a party. The attorney suggested by way of an offer of proof that the law suit concerned the officer's conduct during the arrest of another person in an unrelated case. He argued essentially that it would be evidence of bias against others whom he arrested, such as the plaintiff, affecting his credibility as a witness at the hearing in this case. The hearing officer based her decision to exclude questions concerning the police officer's possible participation in a law suit on the fact that the law suit, if indeed it existed, did not involve the plaintiff in any way. She concluded that such questions would be irrelevant.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may CT Page 8886 retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988).
Although a party is normally afforded wide latitude in cross-examination, especially concerning potential bias or prejudice of the witness, the right is subject to reasonable limitations. In particular, General Statutes § 4-178(1) provides that the hearing officer shall exclude "irrelevant, immaterial or unduly repetitious evidence." As noted, the proposed evidence in question did not in any way involve the plaintiff or the events that were the subject of the hearing. Furthermore, participation in a law suit does not clearly and naturally create some generalized bias or prejudice on the part of the participant that carries over to other, unrelated cases. The court also notes that the plaintiff's attorney had an otherwise extensive opportunity to cross-examine the police officer regarding any possible bias or prejudice that might affect his credibility. Under these circumstances, the hearing officer's ruling to to exclude the proposed evidence on the ground that it would be irrelevant did not constitute an abuse of discretion.
For all of the above reasons, the plaintiff's appeal is dismissed.
MALONEY, J.