[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Tammy James appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after being arrested for driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The plaintiff raises essentially three issues as the bases of her appeal: (1) that the hearing officer gave insufficient weight to the written report of an expert that she submitted in evidence at the administrative hearing; (2) that the police officer she subpoenaed failed to bring with him to the hearing all the documents listed in the subpoena; and (3) that the police unlawfully stopped the plaintiff's vehicle.
The plaintiff's expert, Dr. Pape, stated in his report the opinion that the intoximeter machine used to test the plaintiff provided unreliable results. He based this opinion on the fact that the two tests, performed fifty-one minutes apart, showed widely disparate blood-alcohol readings. The hearing officer also had in evidence, however, a report from the toxicologist at the state health department laboratory showing that the machine had been certified as in operating condition and attaching its repair and maintenance record.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The court must take into account that CT Page 9254 there may be contradictory evidence, but if there is substantial evidence that supports the agency's factual determination, the court may not disturb that determination and substitute its own. Newtown v. Keeney,234 Conn. 312, 320 (1995).
In the present case, the hearing officer had ample and substantial evidence to support the finding that the plaintiff failed the chemical test of the alcohol content of her blood and that the testing process was sufficiently reliable. In view of the general principles of administrative law summarized above, the court may not disturb that finding notwithstanding that the plaintiff offered contradictory evidence.
The plaintiff points to two items in her subpoena that she claims the officer failed to deliver. The first, the video tape of the events at police headquarters after the plaintiff's arrest was, in fact, brought to the hearing. However, there was no VCR machine to play it on. The plaintiff appears to argue that it was the obligation of the defendant commissioner to provide a VCR machine, although she refers to no authority for such a proposition. The court cannot find that the plaintiff's due process rights were violated in this regard.
The plaintiff had subpoenaed a recording of the call the police received that led to their initial search for the plaintiff's vehicle. The plaintiff alleged that the caller was someone who had a grudge against the plaintiff and that that fact rended the substance of the call unreliable. The police did not bring the tape of that call to the administrative hearing because, the officer testified, it had been erased in accordance with the police department's normal schedule of erasing and reusing the recording tape once each month. The plaintiff argues that this was a denial of due process because it prevented her from showing that the telephone tip was unreliable and, therefore, an improper basis for stopping her car.
Our courts have frequently held that the failure of the police to respond to a subpoena constitutes a denial of due process because it deprives the party of the opportunity to present evidence in his or her defense. In CT Page 9255 this case, however, the circumstances do not support such a conclusion.
After receiving the disputed telephone tip, the police went looking for the plaintiff's vehicle, which the caller had identified. Officer Rankin of the Old Saybrook Police Department spotted the vehicle and followed it to observe how it was being operated. He stated in his written report and in his testimony at the hearing that the vehicle weaved back and forth between lanes and straddled the white marked center line. On the basis of those observations and the information he had, second-hand from the police dispatcher, that the operator might be intoxicated, he stopped the vehicle.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime."State v. Lamme, 216 Conn. 172, 184 (190). Furthermore, such suspicion can arise from the observation of actions that are themselves innocent in nature. The "fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (citations and internal quotation marks omitted.) State v. Kowal,31 Conn. App. 669, 672 (1993)." "In evaluating the validity of such (an investigative) stop, courts consider whether, in light of the totality of the circumstances — the whole picture, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Citations and internal quotation marks omitted.) State v. Harrison 30 Conn. App. 108,112 (1993).
In the present case, Officer Rankin would have been justified in stopping the plaintiff's vehicle on the basis of his observations of its operation alone, without the added information supplied by the telephone tip. Indeed, the officer testified that the reason he followed the plaintiff without stopping her at first was that he wanted to observe her operation to determine whether he had "probable cause" for stopping her. CT Page 9256
The law does not permit this court to reverse the decision of an administrative agency merely because there was some violation of a party's legal rights. General statutes § 4-183(j) provides that "The court shall affirm the decision of the agency unless the court finds thatsubstantial rights of the person appealing have beenprejudiced." (Emphasis added.) In the present case, the court cannot find that substantial rights of the plaintiff were prejudiced by the failure of the police to furnish the tape of the telephone call in question. As noted, although that call put the police officer on the plaintiff's trail, it was not the cause of his stopping the plaintiff once he spotted her vehicle and observed her operating it. Furthermore, even if it could have been shown at the administrative hearing that the tipster called the police solely out of malice, the police would nevertheless have been obligated to investigate, given what they knew at the time at the time they received the call.
The plaintiff's final argument is that the police officer was not justified in stopping the plaintiff's vehicle. The court disagrees for the reasons set forth above.
The appeal is dismissed.