[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Anita E. Fitzgerald appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after being arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
The sole basis of the plaintiff's appeal is that the police officer who arrested her was not justified in making the initial stop of her vehicle.
At the administrative hearing, the only relevant evidence before the hearing officer was the written report of the police officer and some photographs of the stretch of the highway that the plaintiff was traveling prior to the stop. Neither the plaintiff nor the police officer testified. The relevant portion of the officer's report reads as follows: "I was traveling S/B on I-395 approaching the exit 78 area. At that time I observed (the plaintiff's vehicle) directly in front of me in the right lane. The vehicle in question then weaved form (sic) the right lane into the left lane. As we passed the left exit ramp (exit 78) the vehicle then weaved back into the right travel lane. After this vehicle continued to travel in the right lane for few seconds, the right signal light was then activated for a moment. Because of the erratic operation observed, I activated my warning lights and siren (and stopped the vehicle)." CT Page 143
The plaintiff argues that the facts related by the police officer do not indicate any criminal behavior and that a reasonable inference is that the plaintiff was trying to remove her vehicle from the path of the following police vehicle, which was, as the officer reported, "directly" behind her. The plaintiff argues, therefore, that the officer had no reasonable and articulable suspicion of wrongdoing such as would justify stopping her.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime."State v. Lamme, 216 Conn. 172, 184 (190). Furthermore, such suspicion can arise from the observation of actions that are themselves innocent in nature. The "fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Citations and internal quotation marks omitted.) State v. Kowal,31 Conn. App. 669, 672 (1993)." "In evaluating the validity of such (an investigative) stop, courts consider whether, in light of the totality of the circumstances — the whole picture, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Citations and internal quotation marks omitted.) State v. Harrison 30 Conn. App. 108,112 (1993).
The facts of the Harrison case, supra, are particularly significant for the court's analysis of the plaintiff's arguments in this case. In Harrison, the only "erratic" operation observed by the police consisted of the vehicle's weaving back and forth within its own lane. Nevertheless, the court considered that to be relevant evidence to support a finding that the officer had the requisite reasonable and articulable suspicion of drunken driving, therefore justifying the stop. In the present case, the police officer stated that his suspicion was based on his observation of the plaintiff's vehicle weaving back and forth from one lane to the other and CT Page 144 then, while in the right lane, signaling a move to the right. This activity occurred at 3:15 AM on an interstate highway. The plaintiff essentially asked the hearing officer and now this court to second guess the police officer on the scene and overrule his assessment of what was taking place. Under familiar rules of factfinding in administrative proceedings and judicial review of such proceedings, the hearing officer was entitled to give such credit and weight to the police report as she deemed appropriate and the court is prohibited from interfering. See, for example, General Statutes § 4-183 (j) andHospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
The court concludes that the hearing officer had sufficient and substantial evidence to support her determination that the plaintiff's arrest was based on a lawful investigative stop.
The appeal is dismissed.
MALONEY, J.