[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff John P. Costello appeals a decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff had refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. the court finds the issues in favor of the CT Page 8204 plaintiff.
The sole argument raised by the plaintiff in support of his appeal is that the hearing officer erroneously found that the police legally stopped the plaintiff while he was operating his vehicle. A legal stop in this case was a necessary prelude to a legal arrest, and a finding that the plaintiff was legally arrested was essential to the commissioner's ultimate determination to suspend his license. Field v. Goldberg, 42 Conn. Sup. 306 (1992).
At the administrative hearing in this case, the only evidence that was presented concerning the circumstances of the plaintiff's arrest consisted of the written report of the police officer who arrested him. With respect to the events leading to the initial investigatory stop, the officer's report reads as follows:
 The dispatcher informed me of a complaint at Dino's Cafe. I was informed that the cafe was closed and that someone was banging on the door attempting to gain entry. I was also informed that the individual may be operating a red Corsica. As I arrived, I noticed a red Chevy Corsica exiting from the rear of Dino's Cafe onto Mill St. The vehicle then continued east on Mill St. I then initiated a motor vehicle stop of the Corsica. . . .
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime."State v. Lamme, 216 Conn. 172, 184 (190). Furthermore, such suspicion can arise from the observation of actions are themselves innocent in nature. The "fact that a Police officer may not have observed a violation before making an investigative stop is irrelevant because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Citations and internal quotation marks omitted.) State v. Kowal,31 Conn. App. 669, 672 (1993)." "In evaluating the validity of such (an investigative) stop, courts consider whether, in light of the totality of the circumstances — the whole CT Page 8205 picture, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Citations and internal quotation marks omitted.) State v. Harrison 30 Conn. App. 108,112 (1993).
In the present case, the evidence in the record reveals virtually no objective reason for the police officer to stop the plaintiff when he did. "Banging" on a closed door and then departing when it is not opened might, under some circumstances, constitute breach of peace or disorderly conduct. Such conduct might just as well, however, under other circumstances, be totally innocent. In the present case, there is nothing in the record to indicate that the banging on the door constituted criminal conduct. In particular, the police did not observe the incident, and the officer who investigated it had only third hand information.
Furthermore, there is nothing in the record to indicate that the plaintiff was doing anything illegal, unusual or suspicious at the only time when the officer did observe him prior to the stop; that is, while the plaintiff was operating his vehicle on Mill Street.
As noted, the law requires that the police have a "reasonable and articulable suspicion" of wrongdoing or a "particularized and objective basis for suspecting the particular person stopped of criminal activity." In the present case, the record does not indicate what suspicions, if any, the police had concerning the plaintiff before stopping him. Certainly, the police officer who did stop the plaintiff did not "articulate" any such suspicions. Rather, in a later section of his report, he states that, after stopping the plaintiff, he instructed another officer to go interview the complainant "to determine what happened and if there was probable cause to arrest (the plaintiff)." This statement further supports the conclusion that, prior to stopping the plaintiff, the police officer did not have the requisite suspicion of wrongdoing.
For the reasons set forth above, the court concludes that the police officer did not have a legal basis for stopping the plaintiff when he did. Accordingly, the CT Page 8206 subsequent arrest was not a legal arrest, and the hearing officer's finding in that regard was in error. It follows that the requirements for license suspension set forth in General Statutes § 14-227b were not met in this case.
The plaintiff's appeal is sustained.
MALONEY, J.