[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, James J. Bazso appeals the decision of the Commissioner of Motor Vehicles suspending his Connecticut motor vehicle operator's license for a period of six months based upon his refusal to submit to a chemical alcohol test. The appeal has been brought pursuant to Connecticut General Statutes § 4-183.
The court having heard oral argument on July 30, 1996, finds the issues in favor of the Commissioner of Motor Vehicles.
The plaintiff has argued and briefed two grounds as the basis for his appeal.
The first argument advanced is that the hearing officer erroneously concluded that the arresting officer had the requisite articulable and reasonable suspicion to stop the plaintiff prior to determining whether probable cause existed to arrest him for a violation of Connecticut General Statutes § 14-227a Operation while under the influence of liquor.
The officers incident report (including a supplement) was properly admitted in evidence at the Motor Vehicle Department Administrative hearing which took place on August 27, 1995.
The officers supplementary report states as follows:
 "At approximately 2340 hrs. this date, this officer was traveling east on Oldfield Rd. approaching the stop sign at the intersection of Mona Terr. At that time, a vehicle found to be operated by Bazso was stopped westbound at said intersection with it's high beams on. I flashed my high beam light to no avail then pulled up side by side in my marked patrol CT Page 9823 vehicle to get Bazso's attention. Despite sounding my horn several time, Bazso drove off unaware of my efforts. I turned around and pulled Bazso over at the intersection of Oldfield and Gould Ave."
The facts preceding the stop of the defendant's motor vehicle clearly establish a sufficient legal basis for the officer to have stopped the plaintiff as was done. The totality of the circumstances certainly gave rise to a reasonable and a articulable suspicion that something was amiss as evidenced by the plaintiff's lack of response to the officer's actions.
Indeed, it would appear to this court that the officer would have been remiss in his duty if he had not pulled the plaintiff over for further investigation.
The second argument of the plaintiff is that the hearing officer reached an erroneous conclusion of law in concluding that it was irrelevant that the officer did not cite the plaintiff for a high headlight beam violation. (see Connecticut General Statutes § 14-96u.)
Again, the court must agree with the decision of the Commissioner. The fact that the officer did not cite the plaintiff for a high headlight beam violation did not preclude him from properly factoring that driving conduct into his overall evaluation and concluding that he had a reasonable and articulable suspicion of wrong doing.
The reasoning of the court in State v. Kowal, 31 Conn. App. 669,672, 672 ___ A.2d ___ (1993) (citations omitted) is applicable.
". . . the fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because `a reasonable and articulable suspicion can arise from conduct that alone is not criminal'. State v. Harrison, 30 Conn. App. 108, cert. granted 225 Conn. 921 (1993)."
In this case, while driving with high beams could have been the basis for an infraction (see § 14-96u) the officer chose not to exercise this option presumably based on his arrest of the plaintiff for a violation of Connecticut General Statutes § 14-227a. CT Page 9824
The administrative determination made in this case is reasonably supported by the evidence in the record and it must be sustained.
The appeal is dismissed.
RONAN, J.