[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Wayne Vojick appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing in this case, the hearing officer admitted in evidence the report of the police officer who arrested the plaintiff on the drunk driving charge, Patrolman Edwards of the New London Police Department. The report consists of the A 44 report form approved by the department of motor vehicles and a typewritten supplement in narrative form. The supplement is signed under oath by the arresting police officer. The A44 form is also signed by a second police officer, Scott Johnson, as witness to the refusal. Johnson's name also appears on the paper tape generated by the intoximeter. That tape indicates "Test Refused." There was no testimony or evidence at the administrative hearing other than the police report.
In his brief on appeal, the plaintiff raises four issues: (1) that the police were not justified in stopping the plaintiff; (2) that the police did not have probable cause to arrest the plaintiff prior to administering the field sobriety tests; (3) that the plaintiff's alleged refusal to be tested was improperly witnessed; and (4) that the arresting officer's supplemental report in narrative form was improperly admitted in evidence.
The plaintiff's arguments with respect to the admissibility of the supplemental report have been conclusively rejected by our Appellate Court in Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702 (1997). The hearing officer properly admitted the police report, including the disputed narrative supplement.
The plaintiff's arguments concerning the validity of the investigative stop and the determination of probable cause require a review of the police report. The arresting officer states that immediately after observing the plaintiff driving by his location, he was approached by a Mark Oulton. Oulton told the police that the plaintiff's vehicle "had just struck his vehicle on Route 85 in the town of Waterford and continued to drive away after the accident." Based on that report, the officer chased the CT Page 7298 plaintiff's vehicle and pulled it over. The officer states that the plaintiff "had a strong odor of alcoholic beverage on his breath and person." The plaintiff "slurred his words (and) fumbled with his vehicle paperwork and handed me the wrong material." The plaintiff told the police officer that he had been drinking beer. The officer noticed damage to the vehicle and asked whether the plaintiff had been in an accident. The plaintiff replied, "No. Somebody hit me." This encounter took place on Route 32 in New London. When the officer asked the plaintiff if he knew where he was, however, the plaintiff replied, "Home." The plaintiff lives in Lebanon. The police officer decided that the weather — it was then snowing heavily — precluded administering the field sobriety tests at the scene. Instead, on the basis of the facts summarized above, he arrested the plaintiff, charging him with driving under the influence of alcohol, and transported him to the police station.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184 (190). Furthermore, such suspicion can arise from the observation of actions that are themselves innocent in nature. The "fact that a police officer may not have observed a violation before making an investigative stop is irrelevant because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Citations and internal quotation marks omitted.)State v. Kowal, 31 Conn. App. 669, 672 (1993)." "In evaluating the validity of such (an investigative) stop, courts consider whether, in light of the totality of the circumstances — the whole picture, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Citations and internal quotation marks omitted.) State v. Harrison 30 Conn. App. 108, 112 (1993).
In the present case, the only evidence before the hearing officer concerning the investigatory stop was contained in the police report. In his report, the arresting officer states that a person identifying himself as an accident victim pointed out the plaintiff's vehicle as it was passing by and told the police that it "continued to drive away after the accident." There is no evidence in the record that the plaintiff had stopped at the scene of the accident. Leaving the scene of an accident without stopping is a violation of law that would justify the stop. The CT Page 7299 court concludes that the hearing officer had sufficient evidence to support his determination that the police lawfully stopped the plaintiff.
General Statutes § 14-227b requires the motor vehicle department hearing officer to determine, inter alia, "(1) Did the police officer have probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor . . . ." The hearing officer's task, therefore, is to examine the evidence from the viewpoint of the arresting officer. State v. Merritt, 36 Conn. App. 76, 85-86
(1994). The inquiry is whether the police officer, on the basis of the facts within his knowledge at the time, had probable cause to arrest the person. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176,189 (1980). "Judicial review of the commissioner's action. . . is very restricted . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence. which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v.Kozlowski, 171 Conn. 705 (1976). A review of the record, as set forth above, establishes that there was substantial evidence in the form of the police officer's report which reasonably supports the hearing officer's finding that the police officer had probable cause to arrest the plaintiff. This is true even though the police did not have the benefit of the usual field sobriety tests before making the arrest. The combination of odor of alcohol, slurred speech, fumbling in reaching for paperwork, admission that he had been drinking, inappropriate responses to simple questions, and the plaintiff's disorientation as to his whereabouts, provided sufficient probable cause for the arrest.
Finally, the plaintiff argues that Officer Johnson, who signed the A 44 form as the witness to the refusal, was not eligible to do so. The plaintiff's argument is not entirely clear, but it seems to be based on the fact that Johnson would presumably have been the officer who would have administered the test if the plaintiff had been willing to take it. The evidence indicates that Johnson operated the breath testing machine and CT Page 7300 recorded on it that the plaintiff refused to be tested.
General Statutes § 14-227b(c) provides, in relevant part, "If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal." The statute provides that the arresting officer must perform various duties in behalf of the commissioner of motor vehicles, including the preparation of a written report of the incident on a motor vehicle department form. It speaks essentially of two persons: the accused and the arresting officer. The "third person" is someone in addition to those two. The plain purpose of the statutory provision in question is to require that someone witness the refusal in addition to the arresting officer. That requirement adds an extra measure of reliability to the arresting officer's report and points to a witness who may be summoned to the administrative hearing to testify if desired. The requirement was fully satisfied in this case, notwithstanding the officer who signed the report as the witness to the refusal also operated the machine for the limited purpose indicated. The plaintiff's argument on this point may not be sustained.
The decision of the hearing officer is affirmed. The appeal is dismissed.
MALONEY, J.