## RICHARD P. LAWLOR *v.* LOUIS GOLDBERG, COMMISSIONER OF MOTOR VEHICLES (12141)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued January 18—decision released April 26, 1994

*Alan N. Ponanski,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Thomas P. Heslin,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the judgment of the trial court sustaining the plaintiff's appeal from the defendant's decision suspending the plaintiff's driver's license, pursuant to General Statutes § 14-227b,[1] for operating a vehicle while under the influ-

---

[1] General Statutes § 14-227b (f) provides that a hearing to determine the suspension of a driver's license for driving while under the influence of liquor "shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ."

ence of intoxicating liquor and refusing to submit to chemical breath tests. The trial court sustained the plaintiff's appeal on the sole ground that a Wethersfield police officer had unlawfully pursued the plaintiff from the town of Wethersfield into the town of Glastonbury under General Statutes § 54-1f.[2]

At the time that the police officer first observed the plaintiff, he noted that the plaintiff was operating his motor vehicle at what appeared to be an excessive rate of speed and unlawfully changing lanes. Thus, at the time that the officer pursued the plaintiff into Glastonbury, he suspected only that the defendant had committed motor vehicle violations under General Statutes §§ 14-218a[3] and 14-236.[4] When the officer stopped the plaintiff's vehicle in Glastonbury, the investigation that he conducted led him to believe that the plaintiff had been operating his vehicle while under the influence of liquor. The officer thereupon arrested the plaintiff and charged him with a violation of General Statutes § 14-227a (a).[5] The trial court found that the officer had

[2] General Statutes § 54-1f (c) provides in pertinent part: "Members of any local police department . . . when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. . . ."

[3] General Statutes § 14-218a (a) provides in pertinent part: "No person shall operate a motor vehicle upon any public highway of the state . . . at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions. . . ."

[4] General Statutes § 14-236 provides in pertinent part: "When any highway has been divided into two or more clearly marked lanes for traffic, (1) a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety . . . . Violation of subdivision (1) of this section shall be an infraction."

[5] General Statutes § 14-227a (a) provides in pertinent part: "OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influ-

unlawfully stopped the plaintiff in Glastonbury for violations of §§ 14-218a and 14-236 and, thus, had unlawfully arrested the plaintiff for operating a vehicle while under the influence of liquor in violation of § 14-227a (a). As a result, the trial court found the commissioner's decision clearly erroneous. This appeal followed.

This case is controlled by our Supreme Court's recent decision in *State* v. *Harrison,* 228 Conn. 758, 638 A.2d 601 (1994). In *Harrison,* our Supreme Court interpreted the term "offense" as used in § 54-1f to include motor vehicle violations. Id., 765. Therefore, in accordance with *Harrison,* we conclude that the Wethersfield officer had lawfully pursued the plaintiff across town lines, had lawfully stopped the vehicle and had lawfully arrested the plaintiff. Thus, the trial court improperly determined that the commissioner's decision was clearly erroneous.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

ence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."