[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO DISMISS AND SUPPRESS
The following facts are contained in Office; Marc DeLuca's arraignment report and affidavit and in his investigation report, both dated May 23, 1995. Officer DeLuca is a police officer for the Town of Redding. According to his affidavit, on May 21, 1995, Officer Deluca observed a vehicle traveling southbound on the Simpaug Turnpike. He noticed that the vehicle had an expired registration sticker while the vehicle was still being driven in the Town of Redding. Officer DeLuca pursued the vehicle and stopped it south of Old Redding Road in the Town of Ridgefield. The operator of this vehicle was the defendant, William Leary.
Officer DeLuca approached the vehicle and began speaking to the defendant. While questioning the defendant, Officer DeLuca noticed that "he was acting in a disorientated/suspicious manner . . . . [The] [o]perator was unable to locate vehicle registration but instead showed me odd/unrelated items such as a spark plug and bottle opener." (Officer Deluca's Investigation Report, May 23, 1995, page 2.) According to Officer DeLuca, "[w]hile speaking with [the] operator I could smell what I believed to be an alcoholic beverage coming from the interior of the vehicle and [the] operator's breath . . . . I then asked [the] operator if he had been drinking . . . . [The] [o]perator stated that he had a glass of wine while at a friend's house . . . . I then asked [the] operator to step out of the vehicle to perform a field sobriety test which he failed."[1] (Officer DeLuca's Arraignment Report and Affidavit, May 23, 1995.)
Officer DeLuca then arrested the defendant for driving under the influence. The officer handcuffed the defendant and placed him in the back seat of the patrol car. Officer DeLuca then informed the defendant of his rights. After placing the defendant in the patrol car, Officer DeLuca searched the interior of the defendant's car and "located a liter glass bottle of `POPOV' vodka behind the right front seat of [the] vehicle." (Officer DeLuca's Arraignment Report and Affidavit, May 23, 1995.) Officer DeLuca gave the defendant two alcohol breath analysis tests at 10:13 p.m. and at 10:54 p.m. The defendant Possessed a blood alcohol content of .297 and .270, respectively. CT Page 1323-LLLL
On July 14, 1995, the defendant filed a motion to dismiss the charges pursuant to Practice Book § 814, and a motion to suppress pursuant to Practice Book § 821. The defendant filed a memorandum of law supporting his motions to dismiss and suppress on October 11, 1995. On October 12, 1995, the State of Connecticut filed a memorandum of law in opposition to the defendant's motion to dismiss.
The defendant argues in his motion to dismiss that Officer DeLuca did not have the authority to stop his vehicle in the Town of Ridgefield for having an expired registration sticker. According to the defendant, an officer may only pursue and stop a defendant for a motor vehicle infraction in the officer's town. Since Officer DeLuca, a Redding police officer, stopped the defendant in Ridgefield, Officer DeLuca acted outside of his jurisdiction, and therefore could not have arrested the defendant.
General Statutes § 54-1f(a) provides in relevant part:"Arrest without warrant. Pursuit outside precincts. (a) For purposes of this section, the respective precinct or jurisdiction of a deputy sheriff . . . shall be wherever he is required to perform his duties. Peace officers . . . in their respective precincts, shall arrest without previous complaint and warrant, any person for any offense in their jurisdiction . . . ." General Statutes § 54-1f(c) states in pertinent part: "Members of any local police department . . . when in immediate pursuit of one who may be arrested under the provision of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest."
The facts of the present case are similar to the facts inLawlor v. Goldberg, 34 Conn. App. 189, 640 A.2d 1016, cert. denied, 229 Conn. 922, 642 A.2d 1214 (1994) (per curiam). InLawlor v. Goldberg, the Commissioner of Motor Vehicles suspended the plaintiff's driver's license because the plaintiff refused to submit to a chemical breath test after being arrested for driving under the influence. Id., 189-90. The facts of the case are as follows.
A Wethersfield police officer first witnessed the plaintiff in Wethersfield operating his vehicle at an excessive rate of speed in violation of General Statutes § 14-218a(a).[2] The police officer also noticed that the defendant unlawfully changed CT Page 1323-MMMM lanes in violation of General Statutes § 14-236.[3] The officer pursued the plaintiff into the Town of Glastonbury and stopped him in this town. "[A]t the time that the officer pursued the plaintiff into Glastonbury, he suspected only that the defendant had committed motor vehicle violations under General Statutes §§ 14-218a and 14-236. When the officer stopped the plaintiff's vehicle in Glastonbury, the investigation that he conducted led him to believe that the plaintiff had been operating his vehicle while under the influence of liquor. The officer thereupon arrested the plaintiff and charged him with a violation of General Statutes § 14-227a(a)."[4] (Footnotes omitted.) Lawlor v. Goldberg, supra, 190.
The trial court found that the police unlawfully stopped the plaintiff in Glastonbury, a town outside of the Wethersfield police officer's jurisdiction. Lawlor v. Goldberg, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 703072 (December 21, 1992, Maloney, J., 8 CSCR 152,153). On appeal, the court stated that "our Supreme Court interpreted the term `offense' as used in General Statutes § 54-1f to include motor vehicle violations." Lawlor v. Goldberg,
supra, 34 Conn. App. 191, citing State v. Harrison, 228 Conn. 758,765, 638 A.2d 601 (1994). "Therefore, in accordance withHarrison we conclude that the Wethersfield officer had lawfully pursued the plaintiff across town lines, had lawfully stopped the vehicle and had lawfully arrested the plaintiff." Lawlor v.Goldberg, supra, 191.
In the present case, Officer DeLuca, while in his jurisdiction of Redding, noticed that the defendant's motor vehicle possessed an expired registration sticker in violation of General Statutes § 14-12(a).[5] Officer DeLuca, like the officer in Lawlor v. Goldberg, pursued and then stopped the defendant in Ridgefield, a town outside of Officer DeLuca's precinct, for an infraction. Like the police officer in Lawlor v.Goldberg, Officer DeLuca then discovered that the defendant may be driving under the influence because Officer Deluca smelled the odor of alcoholic beverages on his breath, and the defendant failed the field sobriety tests.
Therefore, since the present case is analogous to Lawlor v.Goldberg, supra, 189, and because the court in Lawlor v. Goldberg
held that a police officer may pursue and stop an individual outside of the officer's jurisdiction for a motor vehicle infraction, Officer DeLuca lawfully stopped the defendant in CT Page 1323-NNNN Ridgefield. Furthermore, probable cause existed to arrest the defendant for driving while under the influence because the officer smelled the odor of alcoholic beverages on the defendant's breath, and the defendant failed the field sobriety tests. Accordingly, the defendant's motion to dismiss is denied because Officer DeLuca lawfully pursued, stopped and arrested the defendant in the Town of Ridgefield.
MOTION TO SUPPRESS
The defendant argues that the court should suppress the Popov vodka bottle seized from his car by Officer DeLuca. According to the defendant, Officer DeLuca unlawfully pursued and arrested the defendant in the Town of Ridgefield, a town outside of Officer DeLuca's jurisdiction. The defendant contends that since the arrest was unlawful, the subsequent search of his automobile was unlawful. Therefore, according to the defendant, the court should suppress the item found during the course of that search.
For reasons already stated, Officer DeLuca lawfully pursued, stopped and arrested the defendant. "[A] lawful custodial arrest justifies a contemporaneous search of the entire passenger compartment of an automobile, whether or not the arrestee actually had control over the area." (Footnotes omitted.) Statev. Badgett, 200 Conn. 412, 425, 512 A.2d 160 (1986), cert. denied, 479 U.S. 940, 107 S. Ct 473, 93 L.Ed.2d 373 (1986), citing New York v. Belton, 453 U.S. 454, 461, 101 S.Ct. 2860,69 L.Ed.2d 768 (1981). "[T]he right of a police officer to search the vehicle ceases the instant the arrestee departs the scene because the arrestee's removal forecloses any possibility that he could reach for an article within the vehicle." Id., 428. Similarly, "pursuant to article first, § 7, [of the constitution of Connecticut] . . . when police make a lawful custodial arrest of an occupant of an automobile, and the arrestee is detained at the scene, police may contemporaneously search without a warrant the interior passenger compartment of the automobile." (Emphasis omitted.) (Internal quotations marks omitted.) State v. Waller, 223 Conn. 283, 292, 612 A.2d 1189
(1992) quoting State v. Delossantos, 211 Conn. 258, 266-67,559 A.2d 164, cert. denied, 493 U.S. 866, 110 S.Ct. 188,107 L.Ed.2d 142 (1989).
In the present case, Officer DeLuca lawfully pursued and arrested the defendant. After Officer DeLuca arrested the defendant, he placed the defendant in the back seat of the CT Page 1323-OOOO officer's patrol car. Officer DeLuca then searched the defendant's motor vehicle while the defendant remained at the scene. According to the case law, Officer DeLuca performed a lawful warrantless search incident to the defendant's arrest. Therefore, the court denies the defendant's motion to suppress the evidence discovered by Officer DeLuca during the search of the defendant's automobile.
Stodolink, J.