[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant Commissioner of the State of Connecticut Department of Motor Vehicles, by decision dated April 23, 1997, suspended Plaintiff's motor vehicle operator's license for a period of one year. The suspension is for one year pursuant to General Statutes § 14-227b(b) because of his prior suspension under § 14-227b. The Plaintiff is aggrieved by such decision, and brings this appeal pursuant to § 4-183.
The Plaintiff was arrested for operating a motor vehicle under the influence of alcohol § 14-227a and failure to drive right § 14-230 on March 16, 1997, in Plainville, Connecticut.
The Plaintiff was observed operating his motor vehicle on a public highway (Route 10) on March 16, 1997, at 12:27 a.m. in an erratic manner, crossing the center line on several occasions. The officer stopped Plaintiff's vehicle. The officer detected a strong odor of alcohol on Plaintiff's breath. Plaintiff had "extremely slurred" speech and needed to hold on to his vehicle to steady himself. Plaintiff failed to correctly recite the alphabet and failed field sobriety tests. While failing to perform a "one-legged CT Page 9935 stand" test, Plaintiff indicated: "I can't do this when I'm sober."
Plaintiff was operating the vehicle and was arrested for violating §§ 14-227a and 14-230.
Plaintiff refused to submit to a chemical analysis of his breath.
The administrative hearing evidence consisted of the A-44 report with an accompanying police report; testimony of the tow truck operator who towed the vehicle and testimony of the arresting officer who was subpoenaed by Plaintiff.
In his appeal Plaintiff objects to the admission of the A-44 and supplemental report. Plaintiff objected to the admission on two grounds. The A-44 does not have the box checked indicating that the supplemental report is subject to the oath requirement. This issue is controlled byBialawas v. Commissioner of Motor Vehicles,44 Conn. App. 702 (1997).
In Bialawas the A-44 box was also not checked but the Court held that "[t]his alone . . . fails to demonstrate that the supplemental material was not made under oath."44 Conn. App. 712-13. The Court relied on the instructional portion of the A-44 indicating "[a]ttach additional sheets or material necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." The Court also relied on the officer's oath which indicates that the report in full is under oath. In this case as in Bialawas, the officer signed each page of the narrative supplement. Additionally, in this case the arresting officer was available at the hearing for full examination on his report.
The Plaintiff's counsel issued a subpoena ducus tecum to the arresting officer seeking:
All training manuals for your academy or any source national or local or national. Please also bring documentation from the academy you graduated from and the date of graduation and all CT Page 9936 certificates of advanced DWI training that you have received. Also, your last 10 previous DWI arrests which proceed from Mr. Dougan arrest, and that would indicate all copies of the A-44 and narrative reports for the DWI arrests that followed Mr. Dougan's arrest on March 16, 1997. All disciplinary records in your personnel file.
Plaintiff objects to the admission of the A-44 and supplements for the failure of the officer to bring the training manuals to the administrative hearing. This claim arises under the UAPA, General Statutes §§ 4-177c and 4-178, as well as the due process of law requirement applicable to such an administrative hearing. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536 (1987).
The Record reveals no violation of Plaintiff's rights by admitting the A-44 with supplements and denying the second continuance requested by Plaintiff. See, Zezzo v.Commissioner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572555 (October 17, 1997, DiPentima, J.) and Dumont v. Commissioner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 560949 (December 13, 1996, Maloney, J.).
In this case the Plaintiff claims the training manuals relate to the issue of probable cause. However, even leaving aside the Plaintiff's performance on the roadside sobriety tests, there was ample probable cause. Plaintiff had operated his car erratically, smelled of alcohol, had extremely slurred speech and needed to hold on to his vehicle to steady himself. See Snidack v. Commissioner,
Superior Court, judicial district Hartford-New Britain at Hartford, Docket No. 571362 September 25, 1997, McWeeny, J.). Assuming, that the training manuals would have been an appropriate subject of examination, they would only be relevant to the field sobriety tests. Probable cause exists independent of such tests.
In addition to the finding of probable cause, the Record also contains substantial evidence that the Plaintiff operated the vehicle, was arrested and refused to take a blood-alcohol test. See General Statutes § 14-227b(f). CT Page 9937
The Plaintiff also challenges the arrest claiming that it was in Southington rather than Plainville. The officer's testimony in response to the hearing officer's questions established that the erratic operation was in Plainville. It did not matter that the arrest may have been effectuated in Southington. Lawlor v. Goldberg, 34 Conn. App. 189, cert. denied, 229 Conn. 922 (1994) (per curiam).
The appeal is dismissed.
Robert F. McWeeny